**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Latham, | No. CV-08-2323-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| West Corporation, | |
| Defendant. | |

Plaintiff Sheila Latham, an African-American female over the age of 40, is a former employee of Defendant West Corporation (also known as West Direct II, Inc.). Plaintiff filed this employment law action against Defendant in December 2008. Plaintiff alleges that Defendant discriminated against her on the basis of sex, race, and age, and then retaliated against her for complaining about the discrimination. Plaintiff asserts claims under the Equal Pay Act, 29 U.S.C. § 206(d)(1), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d). Dkt. ##1, 18.

Defendant has filed a motion for summary judgment. Dkt. #35. The motion is fully briefed. Dkt. ##37, 38, 39. Neither side has requested oral argument. For reasons that follow, the Court will grant the motion in part and deny it in part.

**I.     Summary Judgment Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which

it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.     The Equal Pay Act Claim.**

Plaintiff began working as a sales consultant for InPulse Response Group ("InPulse") in 2004. Defendant acquired InPulse in October 2006. At the time, Plaintiff was a lead trainer earning $18.99 per hour.

Defendant restructured its business model in April 2008, eliminating the lead trainer position and six of nine trainer positions. Dkt. #36 ¶¶ 9-10. Plaintiff accepted a demotion to one of the three remaining trainer positions. *Id.* ¶ 11; Dkt. #37 at 2. Her salary was decreased from $18.99 to $16.28 per hour.

Plaintiff does not contend that Defendant's elimination of certain positions in April 2008, or Plaintiff's resulting demotion from lead trainer to a trainer position, was the result of unlawful discrimination. Dkt. ##37 at 2, 39 at 4; Dkt. #36-1 at 40-41. Instead, Plaintiff asserts a violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1), on the ground that a less qualified male trainer, Wayne Munsell, was paid more than Plaintiff for the same job. Dkt. ##1 at 1-2, 18 at 3; *see* Dkt. #37 at 4-9.

Defendant does not dispute that Plaintiff has made a prima facie case of pay discrimination, that is, that Defendant paid different wages to employees of the opposite sex for substantially equal work. 29 U.S.C. § 206(d)(1); *see Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Defendant may then rebut the prima facie case "by showing that the disparity in pay is a 'differential based on any factor other than sex.'" *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1075 (9th Cir. 1999) (quoting 29 U.S.C. § 206(d)(1)). Should

Defendant carry this burden, Plaintiff can survive summary judgment by presenting evidence that the "proffered nondiscriminatory reason is a 'pretext for discrimination.'" *Id.* at 1076 (quoting *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir. 1986)).

Defendant has met its burden of showing that the disparity in pay between Plaintiff and Munsell is based on a factor other than sex, namely, gender-neutral compensation policies. Plaintiff's wage as a trainer was calculated pursuant to written company policy and standard formulas used when an employee accepts a lower position or otherwise is demoted. Dkt. #36 ¶¶ 16-18. Plaintiff's wage of $16.28 per hour was the highest of three possible calculations under the applicable formulas. *Id.* ¶ 19. Munsell earned $17.09 per hour, $0.81 more than Plaintiff, based on his wage at the time Defendant acquired InPulse ($16.75 per hour) and a two percent merit increase earned in 2007. *Id.* ¶ 20.

Plaintiff presents an e-mail from Defendant's Vice President, Monty Horine, which states that he was "not willing to pay [Plaintiff] more just because [Munsell] was hired at a high amount." Dkt. #37 at 17. Plaintiff asserts that only discrimination can account for Munsell being hired at a "higher" amount than Plaintiff (*id.*), but the evidence shows Munsell was not hired at a higher amount. When Defendant acquired InPulse in October 2006, Plaintiff was retained at her then-current wage of $18.99 per hour (*id.* ¶¶ 4-6), a wage greater than the $16.75 per hour Munsell was being paid (*id.* ¶ 20). Munsell was retained by Defendant at $16.75 per hour, a "high" amount for a trainer, only because, as a matter of company policy, Defendant did not change the wages of InPulse employees (including Plaintiff) when it acquired InPulse. Dkt. #36 ¶ 6. Plaintiff has presented no argument or evidence that this policy was motivated by discriminatory animus.

Defendant notes, correctly, that Horine's e-mail is further evidence that the disparity in pay resulted not from any unlawful discrimination on the part of Defendant, but from its gender-neutral compensation policies. Dkt. #38 at 2. Horine's e-mail, dated March 14, 2008, states that he confirmed Plaintiff's wage rate as a trainer would be $16.28, and he "actually had the Director of [Compensation and Benefits] do the calculations again for [him] and explain how they came up with that number." Dkt. #37 at 17. Horine further stated that

Munsell's wage happened to be greater than Plaintiff's only because his "job isn't affected by all of the changes, so [there is] no basis for adjusting his rate[.]" *Id.*

Plaintiff contends that Defendant should have reevaluated the wage differential and paid Plaintiff more than Munsell based on her superior qualifications. Dkt. #37 at 8. Plaintiff asserts that Defendant failed to correct the situation solely because Munsell is a white male (Dkt. #39 at 3), but cites no evidence in support of this assertion. Plaintiff has testified that her Equal Pay Act claim is based on the fact that she is female and the attitude of Horine that "there was just no way he was going to change [Munsell's] pay[.]" Dkt. #36-1 at 43. Plaintiff believes this demonstrates gender bias on the part of Horine. *Id.* Summary judgment may not be defeated, however, on the basis of unsupported conjecture or conclusory assertions. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249-52.

In summary, Defendant has established that the disparity in pay between Plaintiff and Munsell resulted from Plaintiff's change in positions and the application of gender-neutral compensation policies. Plaintiff has presented no evidence showing that this legitimate explanation for the pay differential is a mere pretext for discrimination. The Court will grant summary judgment on the Equal Pay Act claim.

**III.    The Title VII Disparate Pay Claim.**

Plaintiff asserts that the disparity in pay with Munsell constitutes sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a). Dkt. #18 at 3; *see* Dkt. #36-1 at 44. "Title VII and the Equal Pay Act overlap because both make unlawful differentials in wages on the basis of a person's sex." *Maxwell*, 803 F.2d at 446; *see* 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 206(d)(1). Where the plaintiff brings a disparate pay claim under Title VII, "the employer bears the burden of showing that the wage differential resulted from a factor other than sex." *Kouba v. Allstate Ins. Co.*, 691 F.2d 873, 875 (9th Cir. 1982).

As explained more fully above, Defendant has presented undisputed evidence showing that Plaintiff and Munsell's wage differential resulted from a factor other than sex, that is, Plaintiff's transition from lead trainer to a trainer position and application of Defendant's gender-neutral compensation policies. Plaintiff has failed to demonstrate a triable issue as

1  to whether Defendant's decision to follow those policies in this case was a mere pretext for
2  discrimination. The Court will grant summary judgment on the Title VII disparate pay claim.
3  *See Maxwell*, 803 F.2d at 446 (noting that because Title VII incorporates the Equal Pay Act
4  defenses, a defendant "who proves one of the defenses cannot be liable under either the
5  Equal Pay Act or Title VII"); *Forsberg v. Pac. Nw. Bell Tele. Co.*, 840 F.2d 1409, 1418 (9th
6  Cir. 1988) ("Forsberg's EPA claim could not survive summary judgment; therefore, her equal
7  pay claim under Title VII also fails.").[1]

## IV. The Discrimination Claim Based on a Failure to Post Job Opening.

As part of its restructuring in April 2008, Defendant promoted Elizabeth Schlabaugh to the position of operations manager. Plaintiff does not contend that she should have been offered that position. Dkt. #37 at 9; *see* Dkt. #36-1 at 46. Instead, Plaintiff contends that before selecting Schlabaugh as the new operations manager, Defendant should have posted the position as open and "Plaintiff and any other persons within the company and outside the company should have been allowed to decide whether to apply for the position[.]" Dkt. #37 at 9. "[T]here may have been hundreds of others who would have applied," Plaintiff notes, including Plaintiff and one other qualified African-American employee. *Id.* at 11. Plaintiff claims that the failure to post the operations manager position to anyone other than Schlabaugh, a white person, "is prima facie evidence that discrimination occurred at West Corporation in the hiring of this position." *Id.*; *see* Dkt. #39 at 4.

Defendant states that it selected Schlabaugh for the operations manager position based on her tenure, performance, and experience working with at-home agents (Dkt. #36 ¶ 12), and that her promotion was reviewed and approved by Defendant's employee relations department (*id.* ¶ 13). In response to this legitimate business reason, Plaintiff asserts that the only explanation for Defendant's failure to post the operations manager position is that

---

[1] Plaintiff has testified: "The decision to lower my pay *I think* was based on race." Dkt. #36-1 at 55 (emphasis added). Plaintiff has further testified that the pay disparity "could be" based on her age (*id.* at 54), and that Horine may have found her not worthy of a higher wage "perhaps" because of her age (*id.* at 53). Such speculation is wholly insufficient to support a Title VII discrimination claim based on race or age.

"racial justification was the cause" and "[t]his is a fact question and one for the jury." Dkt. #39; *see* Dkt. #36-1 at 49-50. Plaintiff further asserts that she *believes* Defendant did not post the job opening because she and another qualified employee "were both older African-American women." Dkt. #36-1 at 46, 50. Defendant notes, correctly, that subjective beliefs and mere conclusory assertions of discriminatory intent are not sufficient to create a triable issue. Dkt. #38 at 3; *see Anderson*, 477 U.S. at 249-52.

To survive summary judgment, Plaintiff must present evidence showing that Defendant's legitimate, non-discriminatory reason is pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). Plaintiff has not met her burden. She has presented no evidence showing that Defendant's stated reason for choosing Schlabaugh as the operations manager is unworthy of credence. Nor has Plaintiff shown that a discriminatory reason more likely motivated Defendant. *See id.*

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24. Plaintiff has presented no evidence from which a jury reasonably could conclude that Defendant's decision not to post the operations manager position was a mere pretext for race or age discrimination. The Court will grant summary judgment with respect to this claim. *See Vasquez v. County of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003) (affirming summary judgment where the plaintiff failed "to put forward specific and substantial evidence challenging the credibility of the employer's motives"); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994) (noting that the burdens of proof and persuasion are the same under both Title VII and the ADEA).

**V.     The Discrimination Claim Based on Plaintiff's Termination.**

Plaintiff was terminated on June 20, 2008, when Defendant eliminated its training department. Plaintiff asserts a discrimination claim on the ground that she is a member of a protected class (an African-American female over the age of 40), her job performance was satisfactory, and she was replaced by persons outside her protected class. Dkt. #37 at 12. Defendant argues that summary judgment is appropriate because Plaintiff has failed to establish a prima facie case of discrimination and has presented no evidence of pretext.

Dkt. #35 at 10-11, 38 at 6. Defendant is correct.

To establish a prima facie case of discrimination, Plaintiff, among other things, must show that similarly situated individuals outside her protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see Villiarimo*, 281 F.3d at 1062 (sex discrimination); *Aragon v. Rep. Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002) (race discrimination); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (age discrimination). Plaintiff asserts that she was replaced by someone outside her protected class (Dkt. #37 at 13), but presents no evidence in support of this assertion. Nor has Plaintiff presented evidence showing that she was terminated under circumstances otherwise giving rise to an inference of discrimination. Plaintiff has failed to establish a prima facie case of discrimination. *See Wheeler v. Chertoff*, No. C 08-1738 SBA, 2009 WL 2157548, at *6 (N.D. Cal. July 17, 2009) (no prima facie case of age or sex discrimination where the plaintiff failed to show that other employees were treated more favorably).

Plaintiff also has failed to present evidence of pretext. Defendant states that it eliminated the training department to save costs. Dkt. #36 ¶¶ 23-27. Plaintiff does not address this legitimate, non-discriminatory reason in her response briefs. *See* Dkt. ##37, 39. Plaintiff testified at her deposition that she believes the decision to eliminate the training department was partially based on race (Dkt. #36-1 at 55), but later admitted that she has no idea whether race was a factor because she does not know how Defendant has treated other African-American employees within the company (*id.* at 57).

To survive summary judgment, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment is appropriate to the extent Plaintiff asserts that her termination was the result of unlawful discrimination. *See Wallis*, 26 F.3d at 892 (affirming summary judgment where the plaintiff "failed to present any evidence to refute [the defendant's] legitimate, nondiscriminatory reason for his discharge"); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1288 (9th Cir. 2000) (summary judgment

1 appropriate where the plaintiff failed to produce enough evidence to allow a reasonable factfinder to conclude "'that the alleged reason for his discharge was false, or . . . that the true reason for his discharge was a discriminatory one'") (citation omitted); *Douglas v. Anderson*, 656 F.2d 528, 535 (9th Cir. 1981) (affirming directed verdict where the plaintiff "did not produce substantial evidence in support of his claim that [the employer's] dissatisfaction was merely a pretext for age discrimination"); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993) (the "Title VII plaintiff at all times bears the 'ultimate burden of persuasion'") (citations omitted).

## VI. The Hostile Work Environment Claim.

Plaintiff alleges that Defendant created a hostile work environment based on her race, sex, and age. Dkt. ##1 at 2, 18 at 4. To establish a hostile work environment claim, Plaintiff must show that she was subjected to verbal or physical conduct, that the conduct was unwelcome, and that the conduct was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive work environment. *See Vasquez*, 349 F.3d at 642. Plaintiff also must prove that the harassment took place because of her race, sex, or age. *See Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 872 (9th Cir. 2001).

Plaintiff has testified to the following acts of harassment (and retaliation) on the part of her supervisor, Elizabeth Schlabaugh: shutting Plaintiff out of business and training decisions and "making her not part of the team" (Dkt. #36-2 at 4, 13, 28, 30); falsely accusing her of disregarding a directive not to move a desk (*id.* at 8-10); failing to respond to her e-mails and failing to attend a meeting with her (*id.* at 12-15); unfairly refusing to allow her to leave work early (*id.* at 19-21, 28); issuing a disciplinary warning for working overtime (*id.* at 21); directing Munsell not to copy her on e-mails (*id.*); falsely accusing her of using the term "white trash" (*id.* at 22); denying her requests for a schedule change and requiring her to work without breaks (*id.* at 4, 24-26, 29-31); questioning her work hours (*id.* at 26-27); and failing to give her the access code to the section of the building where account executives worked (*id.* at 31). *See id.* at 54-57.

Plaintiff has identified no evidence to support her claims that the alleged harassment

occurred because of sex or race. Plaintiff alleges in her complaint that Schlabaugh "used racially derogatory words and phrases in reference to Plaintiff" (Dkt. #1 at 2), but has presented no supporting evidence. Plaintiff stated at her deposition that she has no recollection of what Schlabaugh said and that no one made derogatory comments in her presence. Dkt. #36-2 at 3. There is no triable issue as to whether the alleged harassment took place because of Plaintiff's sex or race.

Schlabaugh allegedly made several remarks about Plaintiff's age (Dkt. #1 at 2): "By the time I'm your age, I hope to be retired."; "Oh, you look so tired."; "How can I prevent the bags from being under my eyes like they are under yours?"; and, when Plaintiff dropped a folder full of documents, sarcastically asking, "Was that too heavy for you to carry?" (Dkt. #36-1 at 51-52). *See* Dkt. #36-2 at 57. While these comments may be construed as offensive, they are neither severe nor pervasive enough to interfere with Plaintiff's employment and create an abusive work environment. "'Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Nichols*, 256 F.3d at 872 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *see Vasquez*, 349 F.3d at 644 ("Two isolated offensive remarks, combined with Vasquez's other complaints about unfair treatment, . . . [are] not severe or pervasive enough to create a hostile work environment."); *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990) (noting that "stray" remarks about age are insufficient to establish discrimination); *Wheeler*, 2009 WL 2157548, at *8 (references to the plaintiff as "old school," "out of date," and part of the "over the hill gang" insufficient to establish hostile work environment).

Plaintiff has asserted numerous acts of harassment on the part of Schlabaugh (described above), but no evidence exists of any relation whatsoever between Schlabaugh's employment decisions and her stray remarks about Plaintiff's age. Plaintiff has failed to demonstrate a triable issue as to whether the alleged acts of harassment occurred because of Plaintiff's age. The Court will grant summary judgment on the hostile work environment claim.

**VII. The Retaliation Claim.**

Title VII and the Age Discrimination in Employment Act ("ADEA") prohibit retaliation against an employee because she has opposed any practice made an unlawful employment practice by the respective statutes. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). Plaintiff states that she first complained to Defendant about discrimination on March 28, 2008. Dkt. #36-2 at 5; *see* Dkt. #37 at 2. Plaintiff filed a formal charge of discrimination with the EEOC on April 18, 2008. Plaintiff alleges that starting on March 31, 2008, until her termination on June 20, 2008, Schlabaugh took the employment actions described above in an effort to retaliate against her for complaining about discrimination. Dkt. ##1 at 2, 36-2 at 4-5, 13, 57. Plaintiff further alleges that her termination was retaliatory. Dkt. #36-2 at 30, 41.

Plaintiff can make a prima facie case of retaliation by producing evidence that she engaged in protected activity, that Defendant subjected her to a materially adverse action, and that there was a causal link between the protected activity and the adverse action. *See Vasquez*, 349 F.3d at 642; *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *see also Poland v. Chertoff*, 494 F.3d 1174, 1180-81 & n.1 (9th Cir. 2007) (noting that the anti-retaliation provisions of Title VII and the ADEA are the same). If Plaintiff makes a prima facie case, the burden shifts to Defendant to present a legitimate, non-retaliatory reason for the adverse action. *See Bergene v. Salt River Project Agr. Improvement & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001). Should Defendant carry this burden, Plaintiff must show a genuine issue as to whether the reason advanced by Defendant was a pretext. *Id*.

Defendant seeks summary judgment on the retaliation claim by focusing exclusively on Plaintiff's termination. Defendant contends that the retaliation claim fails because Plaintiff has presented no evidence of a causal link between her complaints of discrimination and termination, and otherwise has failed to show that Defendant's reason for terminating her was pretext for retaliation. Dkt. ##35 at 15-17, 38 at 4.

In support of its motion, Defendant presents evidence that it considered elimination of the Mesa training department as a possible cost-saving measure, an investigation

1  determined that $5,692.80 per month could be saved if the department's three positions were
2  eliminated, two vice presidents ultimately made the decision to eliminate the department, and
3  Plaintiff's supervisor and primary antagonist, Ms. Schlabaugh, played no role in the decision.
4  Dkt. #36 at 7-8. Plaintiff presents no evidence in response. Dkt. #37. She did testify in her
5  deposition that she "think[s]" it was easier to eliminate the department than fire only her, and
6  that she "felt" the elimination of the department was "all part of the retaliation," Dkt. #36-2
7  at 31, 41, but she presents no evidence to support those beliefs. As noted above, subjective
8  beliefs and mere conclusory assertions are not sufficient to create a triable issue. *Anderson*,
9  477 U.S. at 249-52. Plaintiff has the burden of presenting evidence that Defendant's reason
10  for terminating her – elimination of the Mesa training department – was a mere pretext, and
11  she has not done so. Summary judgment on the termination portion of her retaliation claim
12  is therefore warranted. *Celotex*, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary
13  judgment, after adequate time for discovery and upon motion, against a party who fails to
14  make a showing sufficient to establish the existence of an element essential to that party's
15  case, and on which that party will bear the burden of proof at trial.").

16  Defendant does not address the numerous other alleged acts of retaliation, namely, the
17  purported adverse employment actions taken by Schlabaugh between March 28, 2008, the
18  date Plaintiff claims to have first complained about discrimination (Dkt. #36-2 at 5), and
19  May 30, 2008. *See* Dkt. #36-2 at 54-56. In early June 2008, Plaintiff explicitly stated in an
20  e-mail to Defendant's employee relations department that she was being "targeted," that
21  Schlabaugh was "after her," and that she had been "suffering reprisals or retaliation" for
22  reporting the alleged discrimination. *Id.* at 57. Defendant has presented no argument for
23  summary judgment on these claims.

24  **VIII. Conclusion.**

25  The Court will grant summary judgment on the portion of Plaintiff's Title VII and
26  ADEA retaliation claims related to termination of her employment, but deny summary
27  judgment on the other retaliatory acts identified by Plaintiff and not addressed in Defendant's
28  motion. The Court will grant summary judgment on the disparate pay claim brought

pursuant to the Equal Pay Act and Title VII, and the discrimination and hostile work environment claims asserted under Title VII (sex and race) and the ADEA (age).

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #35) is **granted in part** and **denied in part** as set forth in this order.

2. The Court will set a final pretrial conference by separate order.

DATED this 24th day of February, 2010.

David G. Campbell
United States District Judge